Ryan P. McCarthy, Esq. **Attorney ID#: 219022016**
James E. Goodley, Esq. **Attorney ID#:048572013**
**GOODLEY McCARTHY LLC**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRUCE EGAN,<br><br>Plaintiff,<br><br>v.<br><br>INSPIRA MEDICAL CENTERS, INC.,<br><br>Defendant. | CIVIL ACTON NO.:<br><br>**COMPLAINT** |

## INTRODUCTION

Plaintiff Bruce Egan ("Plaintiff"), by and through undersigned counsel, seeks all available relief for unpaid overtime wages against Defendant Inspira Medical Centers, Inc. ("Defendant"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("WHL").

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Any claims arising under state law are properly before this Court pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, Defendant conducts business in this District, and Defendant is headquartered in this District.

## PARTIES

3. Plaintiff Bruce Egan is an adult individual residing in Delaware County, Pennsylvania. Plaintiff was employed by Defendant as a paramedic supervisor or Advanced Life Support ("ALS") supervisor from approximately July 2024 through February 2026. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to being a party-plaintiff in this action. Ex. A.

4. Defendant is a non-profit healthcare organization located in and conducting business throughout southern New Jersey. Defendant was at all times relevant to this Complaint an "employer" of Plaintiff within the meaning of the FLSA and WHL.

## FACTS

5. Defendant operates several hospitals, emergency departments, urgent care centers, and other healthcare facilities throughout southern New Jersey.

6. Defendant also provides EMS, paramedic, and ambulatory services throughout South Jersey. Defendant's website states, "We provide critical prehospital medical services when accidents, illnesses or emergencies strike, and we help get patients where they need to go when they require top-notch care…. Our paramedics and EMTs are trained to help assess and stabilize a patient's condition while administering advanced prehospital care on the scene or en route to the hospital. Specially equipped vehicles and our extensively trained emergency medical teams are located across South Jersey in strategic locations to improve accessibility and minimize response times. Working alongside local rescue squads and emergency department staff, Inspira's EMS and Ground Transport teams are trained to provide advanced life support (ALS) and basic life support

(BLS), administer drugs, monitor electrocardiograms (EKGs) and perform life-saving interventions."[1]

7. Plaintiff worked for Defendant as a paramedic supervisor from July 2024 through February 2026.

8. In this role, Plaintiff regularly answered emergency medical calls (at least 2-3 per shift, sometimes more) by going out into the field and directly administering life-saving care to patients. For example, Plaintiff regularly administered medications via IV, performed EKGs, conducted advanced airway management, needle decompression, and other emergency care.

9. As a paramedic supervisor, Plaintiff was required to respond to and provide emergency medical services on "high acuity" calls, i.e., life-threatening illnesses or injuries that could lead to death if not immediately treated.

10. As a paramedic supervisor, Plaintiff was also responsible for filling the role of a regular non-supervisory paramedics whenever a paramedic called out of work and was unable to have their shift covered, which occurred frequently.

11. As a paramedic supervisor, Plaintiff was also permitted to, and did, pick up shifts as a regular non-supervisory paramedic.

12. Plaintiff is thus not exempt from the overtime requirements of the FLSA or WHL. *See* N.J.A.C. § 12:56-7.2(a) (incorporating the FLSA overtime exemption regulations at 29 CFR Part 541 into the WHL); 29 C.F.R. § 541.3(b)(1) ("The section 13(a)(1) exemptions and the regulations in this part also do not apply to police officers, detectives, … fire fighters, paramedics, emergency medical technicians, ambulance personnel, rescue workers, … and similar employees,

[1] Available at https://www.inspirahealthnetwork.org/services-treatments/ems-ground-transport (last accessed Nov. 2, 2026).

regardless of rank or pay level, who perform work such as … rescuing fire, crime or accident victims; … or other similar work.") (alterations added).

13. At all times relevant to this Complaint, Plaintiff regularly worked 50-60 or more hours per week.

14. Plaintiff was paid on an hourly basis. Plaintiff's hourly rate of pay was $55.51 per hour.

15. As an hourly (not salary) employee, Plaintiff was not exempt from the overtime requirements of the FLSA and WHL pursuant to any of the "white collar" exemptions (executive, administrative, professional), because he was not paid a salary. N.J.A.C. § 12:56-7.2(a); 29 CFR 541, Subpart G, Salary Requirements.

16. During the period of July 2024 through August 2025, Defendant unlawfully denied Plaintiff overtime compensation at a rate of 150% of his regular rate of pay ("Overtime Rate") for each hour worked over 40 hours in a workweek, in violation of the FLSA and WHL.

17. During the period July 2024 through August 2025, Defendant unlawfully paid Plaintiff "straight time for overtime," meaning that Defendant paid Plaintiff the same hourly rate for hours 1-40 and hours over 40 in a workweek, in violation of the FLSA and WHL.

18. In or around August 2025, Defendant reclassified Plaintiff and other ALS and BLS supervisors as non-exempt under the FLSA and WHL.

19. It is well established that hourly workers such as Plaintiff cannot be exempt from overtime under the Part 541 "white collar exemptions." *See, e.g.*, Fact Sheet #17G: Salary Basis Requirement and the Part 541 Exemptions Under the FLSA.

20. It is well established that first responders such as Plaintiff may not be treated as exempt from FLSA and WHL overtime requirements, regardless of their rank or pay level.

21. Defendant was at all times aware, or should have been aware, that Plaintiff was required to be paid at the Overtime rate for hours worked over 40 in a workweek.

**COUNT I**
**Fair Labor Standards Act Overtime Violation**
**Plaintiff v. Defendant**

22. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

23. The FLSA requires that covered employees be compensated at the Overtime Rate for all hours worked in excess of forty (40) hours per week. 29 U.S.C. § 207(a)(1).

24. Defendant is subject to the wage requirements of the FLSA because it is an "employer" within the meaning of 29 U.S.C. § 203(d)

25. During all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. § 203.

26. During all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

27. As an hourly first responder, Plaintiff was not exempt from the requirements of the FLSA. Plaintiff was entitled to be paid at the Overtime Rate for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1). 29 C.F.R. § 541.3(b)(1).

28. Defendant failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiff at the Overtime Rate for all hours worked over forty (40) in a workweek.

29. Defendant knowingly failed to compensate Plaintiff at the Overtime Rate for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

30. Defendant also failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine his wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

31. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

32. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant who fail to pay an employee wages in conformance with the FLSA, shall be liable to the employee for unpaid wages, liquidated damages, and attorneys' fees and costs incurred in recovering the unpaid wages.

**COUNT II**
**WHL Overtime Violation**
**Plaintiff v. Defendant**

33. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

34. The WHL requires employers to pay employees an overtime premium of "not less than 1 ½ times such employee's regular hourly rate of pay for each hour of working time in excess of 40 hours in any week." N.J.S.A. § 34:11-56a4(b).

35. Defendant is subject to the wage requirements of the WHL because it is an employer within the meaning of N.J.S.A. § 34:11-56a1(g).

36. During all relevant times, Plaintiff was a covered employee entitled to the overtime protections of the WHL. N.J.S.A. § 34:11-56a1(h).

37. As a paramedic first responder, who was paid on an hourly basis, worked in the field, answered emergency calls and directly provided emergency medical care services to patients and accident victims, Plaintiff was entitled to be paid at the Overtime Rate for all hours worked

over 40 in a workweek, regardless of rank or pay level, pursuant to N.J.S.A. § 34:11-56a4(b), N.J.A.C. § 12:56-7.2(a).

38. As described herein, Defendant knowingly or recklessly failed to compensate Plaintiff at the Overtime Rate for all hours worked in excess of 40 hours in a workweek, in violation of the WHL, N.J.S.A. § 34:11-56a4(b).

39. Pursuant to N.J.S.A. § 34:11-56a25, employers such as Defendant who fail to pay overtime wages in conformance with the WHL, shall be liable to the employee for the unpaid wages, liquidated damages equal to 200% of the unpaid wages, and attorney's fees and costs incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

a. All unpaid wages and prejudgment interest, to the fullest extent permitted under the law;

b. Liquidated damages to the fullest extent permitted under the law;

c. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

d. Such other and further relief as this Court deems just and proper.

Dated: November 6, 2026

Respectfully Submitted,

by: /s/ Ryan P. McCarthy

Ryan P. McCarthy (219022016)
James E. Goodley (048572013)
**GOODLEY McCARTHY LLC**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com

ryan@gmlaborlaw.com
james@gmlaborlaw.com